**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY MICHAEL DAVIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1302-CR-57 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diana Ross Boswell, Judge
Cause No. 45G03-1206-FD-132

**September 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Anthony Michael Davis appeals his sentence for Class C felony operating a vehicle after a lifetime suspension.  We affirm.

**Issue**

Davis raises one issue, which we restate as whether his six-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

**Facts**

On January 30, 1998, Davis's driving privileges were suspended for life by the Indiana Bureau of Motor Vehicles after Davis was found to be an habitual traffic violator.  On June 9, 2012, fifty-three-year-old Davis operated a motor vehicle in Munster.  The State charged Davis with Class C felony operating a vehicle after a lifetime suspension.  Davis pled guilty as charged with a six-year cap on the sentence.  The trial court imposed a sentence of six years with three years served in the Department of Correction and three years in Lake County Community Corrections.

**Analysis**

Davis argues that his six-year sentence is inappropriate in light of the nature of the offense and the character of the offender.  He requests that we revise his sentence to five years.  Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender.  When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision.  Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct.

App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that Davis drove a vehicle after his license was suspended for life. Davis claims that he was driving to pick up medication for his mother. However, this is Davis's third conviction for driving despite the lifetime suspension. As for Davis's character, he has a substantial criminal history consisting of eight misdemeanor convictions and five felony convictions. Most of his convictions are for traffic-related offenses. Davis has had the benefit of probation at least five times. Davis believes that this incident has "been blown out of proportion" and that "people

3

should be able to drive for certain purposes like to get medication for their parents or to go to work." Appellant's App. p. 55. He believes that "he is the victim." Id.

Given Davis's history of repeated convictions for driving despite the lifetime suspension, his history of traffic-related convictions, and attitude toward driving, we cannot say that his six-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

Davis's sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.